# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DICKEY LEE POST, )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of the Social )<br>Security Administration, )<br>)<br>      Defendant. ) | Case No. CIV-14-317-SPS |

## OPINION AND ORDER

The Plaintiff was the prevailing party in this appeal of the Commissioner of the Social Security Administration's decision denying benefits under the Social Security Act. He now seeks attorney's fees and costs in the amount of $5,640.20 under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412. *See* Plaintiff's Motion and Brief in Support for an Award of Attorney's Fees Under the Equal Access to Justice Act 28 U.S.C. § 2412 [Docket No. 21].[1] The Commissioner objects and urges the Court to deny the request. For the reasons set forth below, the Court agrees with the Commissioner and finds that fees under the EAJA should not be awarded in this case.

Under 28 U.S.C. § 2412(d)(1)(A), "[A] court shall award to a prevailing party . . . fees and other expenses . . . unless the court finds that the position of the United States

---

[1] The Court notes that the Plaintiff has also requested an additional $676.80 in his Reply Brief, but finds that such a request is not properly before the Court at this time. *See* Loc. Civ. R. 7.1(c) ("Each motion, application, or objection filed shall be a separate pleading[.]").

was substantially justified or that special circumstances make an award unjust." "The test for substantial justification under the EAJA, the Supreme Court has added, is simply one of reasonableness." *Madron v. Astrue*, 646 F.3d 1255, 1257-1258 (10th Cir. 2011), *citing Pierce v. Underwood*, 487 U.S. 552, 563-564 (1988). In order to establish substantial justification, the Commissioner must show that there was a reasonable basis for the position she took not only on appeal but also in the administrative proceedings below. *See, e. g., Gutierrez v. Sullivan*, 953 F.2d 579, 585 (10th Cir. 1992) ("We consider the reasonableness of the position the Secretary took both in the administrative proceedings and in the civil action Plaintiff commenced to obtain benefits."), *citing Fulton v. Heckler*, 784 F.2d 348, 349 (10th Cir. 1986). *See also Marquez v. Colvin*, 2014 WL 2050754, at *2 (D. Colo. May 16, 2014) ("For purposes of this litigation, the Commissioner's position is both the position it took in the underlying administrative proceeding and in subsequent litigation defending that position."). "In other words, it does not necessarily follow from our decision vacating an administrative decision that the government's efforts to defend that decision lacked substantial justification." *Madron*, 646 F.3d at 1258.

On appeal, the Plaintiff asserted that the ALJ gave great weight to a state reviewing physician's opinion then failed to adopt all the findings therein, failed to develop the record, and failed in assessing the lay witness opinions in the record. This Court reversed, finding that the ALJ *did fail* to assess the claimant's RFC, specifically failing to consider the claimant's multiple nonsevere impairments when assessing his RFC, and further failing to properly assess the Third party Function Reports in the record.

The Commissioner asserts that her position was substantially justified because: (i) the Plaintiff did not raise the argument regarding the evaluation of nonsevere impairments at step four, and (ii) the "technical error" of failing to consider the Third Party Function Report is harmless. The Court agrees that in this case it was reasonable to argue that the lay witness opinion error is largely a technical error, and that the error regarding the Plaintiff's nonsevere impairments was not even briefed by the Plaintiff's attorney. The Court thus finds that the Commissioner's position on appeal was reasonable in both law and fact, and that the Commissioner's position was therefore substantially justified. *Compare with Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) ("We will consider and discuss only those of her contentions that have been adequately briefed for our review."). *See also Cantreras v. Barnhart*, 79 Fed. Appx. 708, 709 (5th Cir. 2003) (per curiam) ("Contreras's attorney did not brief the issue that served as the basis for the remand and the attorney's efforts did nothing more than to keep Contreras's case alive."). Because the Commissioner's position was substantially justified, the Court finds that an award of attorney fees in favor of the Plaintiff is therefore precluded.

Accordingly, IT IS ORDERED that the Plaintiff's Motion and Brief in Support for an Award of Attorney's Fees Under the Equal Access to Justice Act 28 U.S.C. § 2412 [Docket No. 21] is hereby DENIED.

**IT IS SO ORDERED** this 3rd day of February, 2016.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma